KAPNER et al. v. SAMUELS.

(Supreme Court, Appellate Term. June 22, 1903.)

1. JUDGMENT—OPENING DEFAULT—DISCRETION—REVIEW.
    Where defendant's attorney, having a physician's verified certificate of defendant's illness, asked an adjournment only on the ground of actual engagement of counsel before the executive, which was refused, and default allowed, the granting of a motion to open the default will not be disturbed, it being a proper exercise of judicial discretion.

Appeal from City Court of New York, General Term.

Action by Adolph Kapner and others against Lester W. Samuels. From an order granting defendant's motion to open his default, plaintiffs appeal. Dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Jacob Rieger, for appellants.

Joseph C. Kadane (Benjamin F. Spellman, of counsel), for respondent.

MacLEAN, J. An order of the General Term of the City Court affirming an order entered at Special Term opening a default, and setting aside a consequent judgment, is appealed from by the plaintiffs chiefly on the grounds of a defective affidavit of merits, and as an abuse of legal discretion, because not accompanied by imposition of costs and terms. More adjournments than amenities had been had by the respective counsel, until, having been passed for several successive days upon the day calendar because of the engagements of successive counsel of the plaintiffs, on February 26th the case was set to be tried on the following morning. During that day the defendant became

so ill that he was obliged to keep to his bed, of which fact word was sent his attorney, who saw the physician, and received a verified certificate of the illness of defendant, and that to leave his house might endanger his life. On the evening of the same day, defendant's counsel, who had been informed of the defendant's inability to attend court, went with a priest and other persons to Albany to lay before the Governor newly discovered evidence relating to a man under sentence of death, and who had been given a brief respite. Inexplicably, at least unexplained here, defendant's attorney asked an adjournment, on the following morning, only upon the ground of actual engagement of counsel before the executive—not a reason enumerated in the rules of practice of this department. The adjournment was refused, and the default allowed. It goes without saying that, had he presented the verified certificate of the defendant's illness, the application would have been granted. These facts being presented and not contradicted, the motion to open the default was granted, without costs, and affirmed in a judicious exercise of discretion. None of the cases cited sustain the appellants' contention respecting the affidavit of merits, not phrased exactly in the customary form, it is true, but substantially meeting the requirements of the rule under the revised procedure.

The appeal is dismissed, with costs to the respondent. All concur.